## Commonwealth ex rel. District Attorney v. Dobrowolski.

*Boroughs—Public officers—Borough councilmen—Qualification for office—Payment of taxes—Quo warranto—Evidence—Presumption.*

1. In a *quo warranto* proceeding to test the right of the respondent to exercise the office of councilman, raised on the ground that he had not been assessed for taxes or paid taxes, the burden is on him to show not only that he had paid a State or county tax within two years, and at least one month before his election, but also that the tax so paid had been assessed at least two months prior to the election.

2. In such case, the payment of the tax raises no presumption of the regularity of its assessment, for the reason that the assessment of the tax is not the official duty of the tax collector, but of the board of assessors.

3. The presumption of performance of precedent acts is limited to such acts as were the official duty of the officer, but cannot be extended to acts of other distinct and independent officials.

4. A presumption can arise only by facts admittedly proven by direct evidence; one presumption cannot form the basis for a second presumption.

*Quo warranto.* C. P. Luzerne Co., May T., 1922, No. 12.

*R. B. Sheridan* and *Thomas M. Lewis*, for relator.

*W. Alfred Valentine* and *Thomas B. Miller*, for respondent.

McLEAN, J.—Proceedings of *quo warranto* were instituted in the name of the Commonwealth ex rel. District Attorney against Peter Dobrowolski to

Commonwealth ex rel. District Attorney *v.* Dobrowolski.

test the right of the defendant to exercise the office of councilman of the Borough of Plymouth.

The allegations upon which the writ issued were that the defendant at the municipal election held on Nov. 8, 1921, was a candidate for councilman in the 8th Ward of the Borough of Plymouth, and as such candidate received the highest number of votes cast and was returned as elected; that defendant was not at the time of his election an elector of the Borough of Plymouth, and had not within two years of the election paid a tax, as required by the Constitution and the laws of the State of Pennsylvania.

We held at trial that the burden of proof of his qualifications was upon defendant, the writ having been issued at the instance of the district attorney in the name of the Commonwealth; it being conceded that he was twenty-two years of age and upwards, this imposed upon defendant the proof of two separate and distinct facts, namely, that he had paid a State or county tax within two years, and at least one month before the said election, and that the tax so paid had been assessed at least two months prior to Nov. 8, 1921.

Defendant showed that he had paid a tax in January, 1920, and received a tax receipt therefor from the tax collector, which purported to be for the year 1919. We then held that the presumption of the regularity of the assessment of that tax arose, and that defendant had met the burden of proof imposed upon him in the first instance. The Commonwealth then assumed the burden to disprove the regularity of the assessment; the case was submitted to the jury and verdict was for defendant.

In this ruling we were in error. The payment of the tax and the assessment of the tax are two distinct and separate acts by distinct and independent officials; in the former, the tax is received by the tax collector, and thereby the presumption properly arises that the name of the taxable appears upon the tax duplicate; in the latter, the assessment is made by the board of assessors through the agency of the sub-assessor in the first instance, and the appearance of the item upon the assessment list raises the presumption of the regularity of the assessment.

Clearly the principle held in Houseman *v.* Navigation Co., 214 Pa. 552, viz.: "The presumption is that an officer performs his duty, and that his acts are regular and in conformity with the requirements of law. If the performance of any precedent act is necessary to the validity of his official act, there is a presumption in favor of his official act, which amounts to presumptive proof of the performance of the precedent act," is authority for the above conclusions.

From this we understand that the presumption of performance of precedent acts is limited to such acts as were the official duty of the officer, but cannot be extended to the proposition that the payment of the tax raises the presumption of the regularity of its assessment, for the reason, as stated, that the assessment of the tax was not the official duty of the tax collector, but, on the contrary, the duty of separate and distinct officials; and for the additional reason is this true, for here we are confronted by the equally well-established principle: "A presumption can arise only by facts admittedly proven by direct evidence; one presumption cannot form the basis for the second presumption:" 22 Am. & Eng. Ency. 1236 (2nd ed.). For example, we may presume from the payment of the tax that the name appeared upon the tax duplicate, and that the collector performed his official duty in the collection thereof, but from this presumption, that the name appeared upon the tax duplicate, we are not permitted to draw the further presumption that the

item or individual upon which, or from whom, the tax was collected was regularly assessed, for clearly this is the basing of one presumption upon another.

Accordingly, the plaintiff's twelfth exception is sustained, and rule for new trial is made absolute.

From F. P. Slattery, Wilkes-Barre, Pa.